UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

MINUTE ORDER

* * * * * * * * * * * * * * * * * * *

Multi-Tech Systems, Inc.,

Plaintiff,

vs.

Gateway 2000, Inc. (f/k/a Gateway Inc.); Gateway Companies, Inc.; Gateway Direct L.P.; and Gateway.com, L.P.,

Defendants. Civ. No. 00-295 (ADM/RLE)

* * * * * * * * * * * * * * * * * * *

Multi-Tech Systems, Inc.,

Plaintiff,

vs.

Dell Computer Corporation, a Delaware Corporation,

Defendant. Civ. No. 00-296 (ADM/RLE)

* * * * * * * * * * * * * * * * * * *

Multi-Tech Systems, Inc.,

Plaintiff,

vs.

Compaq Computer Corporation, a Delaware Corporation,

Defendant. Civ. No. 00-297 (ADM/RLE)

* * * * * * * * * * * * * * * * * * *

FILED JUN 27 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

At Duluth, in the District of Minnesota, this 27th day of June, 2000.

* * *

On June 26, 2000, the Court heard argument on the Motion of the Defendant Compaq Computer Corporation ("Compaq") for a Stay of these proceedings, pending the resolution of Microsoft Corporation, a Washington Corporation vs. Multi-Tech Systems, Inc., a Minnesota Corporation, Civ. No. 00-1412 (JMR/FLN).[1] At the time of the Hearing, Compaq appeared by Robert J. Goldman, Esq.; the Plaintiff Multi-Tech Systems, Inc. ("Multi-Tech") appeared by Ronald J. Schutz, Esq.; the Defendant Gateway 2000, Inc. (f/k/a Gateway, Inc.), Gateway Companies, Inc., Gateway Direct L.P., and Gateway.com, L.P. ("Gateway"), appeared by Roger D. Taylor, Esq.; the Defendant Dell Computer Corporation ("Dell") appeared by Willem G. Schuurman, Esq.; and Microsoft Corporation ("Microsoft") specially appeared by David T. Pritikin and George F. McGunnigle, Esqs. For reasons which follow, we deny the Motion without prejudice to its renewal.[2]

---

[1]We employ the heading of this case as a matter of opinion-writing convenience. At this time, these cases have not been consolidated for any purpose.

[2]Compaq's Motion was heard in conjunction with the Initial Pretrial Conference. We will separately issue a Pretrial Sche-
(continued...)

In February of this year, Multi-Tech commenced patent infringe actions against Gateway, Dell, Compaq, and others,[3] alleging that their act of pre-loading a software program, which is marketed by Microsoft, and which is known as "NetMeeting," infringes upon patents held by Multi-Tech. Subsequently, in June of this year, Microsoft commenced a Declaratory Judgment action against Multi-Tech, which seeks an adjudication that Microsoft's "NetMeeting" does not infringe upon Multi-Tech's patents. Given the initiation of Microsoft's lawsuit, Compaq argues, and Gateway and Dell agree, that these lawsuits should be stayed while the action between Microsoft and Multi-Tech is resolved. According to Compaq, Dell and Gateway -- and Multi-Tech does not disagree -- if the "Net-Meeting software program was removed from their computers prior to sale, then their computers would provide no basis upon which Multi-Tech could allege that they were infringing upon Multi-Tech's products.

---

[2](...continued)
duling Order for each of the noted cases. In addition, we take this means of recording that the Defendants' Motions to continue the originally scheduled Pretrial Conference were granted during a joint telephonic Conference on June 13, 2000.

[3]See, <u>Multi-Tech Systems, Inc. vs. Net2Phone, Inc., et al.</u>, Civ. No. 00-346 (ADM/RLE). At the direction of the District Court, the Honorable Ann D. Montgomery presiding, we will separately conduct an Initial Pretrial Conference in Civ. No. 00-346 -- as such a Conference should be required -- following the District Court's disposition of the pending Motions in that case.

Since the core areas of disagreement, on the patent infringement liability issues, will be, in all likelihood, between Microsoft and Multi-Tech, Compaq, Dell, and Gateway, ask that these actions be stayed until the Microsoft/Multi-Tech litigation is completed. While characterized as a Motion to Stay, in actuality, Compaq, Dell, and Gateway, seek a Protective Order that would focus the pretrial processing of Multi-Tech's claims against them so as to minimize the extent to which they would be obligated to litigate the claims inherent in Microsoft's action against Multi-Tech, as they concede that certain discovery, as to them, would be required by Multi-tech at least to some extent. So framed, the Motion has undeniable merit. See, e.g., Katz v. Lear Siegler, Inc., 909 F.2d 1459, 1464 (Fed. Cir. 1990)(under "customer suit" exception, litigation against manufacturer of infringing goods should take precedence over patent owner's suit against customers of the manufacturer); P.S.I. Nordic Track, Inc., 686 F. Supp. 738,740-41 (D. Minn. 1987)(same).

Unfortunately, Microsoft's Declaratory Judgment action is of such recent origin, that Multi-Tech has not served and filed an Answer, Counterclaim, or other responsive pleading. Therefore, the dimensions of the Declaratory Judgment action are somewhat unsettled, and we decline to now maintain the other cases in abeyance, until those dimensions have solidified. Once the form and scope of

the Microsoft/Multi-Tech action is ascertained, we can more responsibly revisit, upon the Motion of any affected party, the issue of streamlining the pretrial processing in each of the respective actions, so as to minimize the cost and expense to all concerned, and to give effect to the command of Rule 1, Federal Rules of Civil Procedure. Until then, Compaq's Motion is unavoidably premature.

NOW, THEREFORE, It is --

ORDERED:

1. That the Defendants' Motion to Continue the Initial Pretrial Conference in these actions [Docket No. 21, in Civ. No. 00-295 (ADM/RLE); Docket No. 18, in Civ. No. 00-296 (ADM/RLE); and Docket No. 17, in Docket No. 00-297 (ADM/RLE)] is GRANTED.

2. That the Motion of Compaq [Docket No. 18, in Civ. No.00-297 (ADM/RLE)] to Stay, and the informal joinder of Gateway, and Dell, in Compaq's Motion to Stay, are DENIED without prejudice to a renewal upon a showing of cause.

BY THE COURT:

Raymond L. Erickson
Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE